# BRENDAN CHAO
## ATTORNEY AND COUNSELLOR AT LAW

50 MERRICK ROAD, SUITE 200
ROCKVILLE CENTRE, N.Y. 11570
(516) 466-2033
FACSIMILE: (516) 466-2007

E-MAIL: bchao@bchaolaw.com

June 21, 2019

**COURTESY COPY – ORIGINAL FILED VIA ECF**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

      Re:    Charles Kaplan v. Wings of Hope Residence, Inc., et al.
              Civil Case No. 18-cv-02972-ADS-AKT

Dear Judge Tomlinson:

      This office represents the defendants in the above matter. This is defendants' Letter Motion requesting that the Court Order plaintiff to comply with defendants' Second Requests for Production of Documents. Further to the Court's Individual Practice Rules, and Local Rule 37.3, the parties attempted to confer in good faith in an effort to resolve the dispute, but were unsuccessful.

      This is a FLSA case with a pending Motion to Dismiss before Judge Spatt. Plaintiff alleges he worked as House Manager in a sober house daily, seven days a week, from 7:00 AM until 11:00 PM. Compl. at ¶¶82-3. Additionally, plaintiff claims he was called upon three to four times a week to handle "middle of the night incidents" that lasted between one to three hours each. Id. at ¶84-85. This equates to between 112 to 124 hours worked per week. In defendants' eviction proceeding to remove plaintiff from the sober house, plaintiff made a number of statements, including:

> "Respondent Kaplan is badly physically disabled and receives Social Security Disability. Kaplan has enormous mobility problems and lives most of his day, each day, as well as sleeping, in a hospital bed…. Kaplan has a roommate who serves as a Personal Home Health Aid. This personal Home Health Aid helps Kaplan with his everyday tasks so that Kaplan can live. Some of these tasks are helping Kaplan cook, dress, and clean as well as many other forms of assistance."

      In defendants' Second Request for Production of Documents, defendants requested, among other things, the following material:

Hon. A. Kathleen Tomlinson                                      June 21, 2019

7.  All documents relating or referring to plaintiff's applications for disability benefits, including, but not limited to, communication with state or federal agencies regarding his disability benefits.

8.  All documents regarding plaintiff's application for, receipt of or eligibility for disability benefits.

9.  All documents substantiating, relating or referring to any treatment that plaintiff has received from, or consultations plaintiff has had with, any health care practitioner or pharmacy relating to any request for disability benefits.

10. All documents substantiating, relating or referring to any treatment that plaintiff has received from, or consultations plaintiff has had with, any health care practitioner or pharmacy or anyone else regarding his mental health or emotional condition since his residency with Wings of Hope ended.

11. With respect to any medical records or documents regarding plaintiff in the possession of any health care practitioner or pharmacy plaintiff has seen regarding any disability benefits application, a copy of Medical Records Authorizations for Plaintiff's use is attached as Exhibit A.

14. Any and all documents submitted by plaintiff to Landlord/Tenant Court in connection with eviction proceedings brought against him by Wings of Hope.

   Plaintiff responded "Plaintiff objects to this request on the grounds that it is not relevant to any claims or defenses as Plaintiff's application for disability benefits has no bearing on the work he performed for Defendants as set forth in the Complaint or any other claims set forth therein." Plaintiff repeated his objections to Request Numbers 8, 9, 10, 11 and 14. In response to Request Number 14, plaintiff added "Further, defendants object to this request to the extent the information is already in Defendants' possession, custody or control and that it is available from public sources."

   Defendants contend, among other things, that plaintiff was never an employee entitled to compensation of any sort. Plaintiff's allegations that he toiled between 112-124 hours per week would be incredible for a physically capable person. Plaintiff's allegations of near superhuman endurance are contradicted by his allegations in Landlord/Tenant Court. In pursuing the impeachment of plaintiff's anticipated testimony, defendants respectfully submit that information regarding his physical condition and his application for disability benefits along with the underlying medical support for the benefits is relevant in this action.

   A defendant's right to impeach a plaintiff outweighs the plaintiff's privacy rights under certain circumstances. McGrath v. Nassau Health Care Corp., 209 F.R.D. 55, 61 (E.D.N.Y. 2002). In McGrath, MJ Wall found that plaintiff could be compelled to provide a DNA sample for impeachment purposes. "Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition… Information showing

3

Hon. A. Kathleen Tomlinson                                         June 21, 2019

that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action." Coyne v. Houss, 584 F. Supp. 1105, 1107 (E.D.N.Y. 1984) See also, Independent Productions Corp. v. Loew's, Inc., 22 F.R.D. 266 (S.D.N.Y. 1958); Broadway & 96th St. Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y. 1958); Kaiser-Frazer Corp. v. Otis & Co., 11 F.R.D. 50, 53 (S.D.N.Y. 1951); Advisory Committee Notes to the Rules of Civil Procedure for the United States District Courts reported in 12 Wright & Miller (1973) 429–433.

For the foregoing reasons, defendants respectfully request an Order directing plaintiff to provide the requested material, or if not in his possession, authorizations to obtain the material from the relevant agency.

Please contact the undersigned if you have any questions, or require additional information.

Respectfully yours,

Brendan Chao

BC/aa

CC:   Yale Pollack, Esq.      (VIA ECF)
      Attorney for Plaintiff